UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYUN S. DODSON,<br>CDCR #K-04510,<br><br>                    Plaintiff,<br><br>     vs.<br><br><br><br>M.E. BOURLAND; G.J. JANDA;<br>T. OCHOA; D.D. SHEPPARD-BROOKS;<br>C. NICOLLS; M. SMITH;<br>A. QUINONES; JOHN DOE;<br>M.D. GREENWOOD; and<br>H. MORA,<br><br>                    Defendants. | Civil No.    10-1474 JAH (CAB)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS,* IMPOSING INITIAL PARTIAL FILING FEE AND GARNISHING BALANCE FROM PRISONER'S TRUST ACCOUNT PURSUANT TO 28 U.S.C. § 1915(a) [Doc. No. 2];**<br><br>**(2) DENYING PLAINTIFF'S MOTION FOR ORDER DIRECTING THE FILING OF COMPLAINT NUNC PRO TUNC WITHOUT PREJUDICE [Doc. No. 3]**<br><br>**AND**<br><br>**(3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT PURSUANT TO FED.R.CIV.P. 4(c)(3) & 28 U.S.C. § 1915(d)** |

      Tyun S. Dodson ("Plaintiff"), a state prisoner currently incarcerated at California State Prison Substance Abuse and Treatment Facility in Corcoran ("SATF"), California, and proceeding in pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983.

1

Plaintiff claims prison officials at Calipatria and Corcoran State Prisons violated his rights to due process at a disciplinary hearing, subsequent re-hearings and classification committee review hearings, all of which allegedly resulted in his serving a Security Housing Unit ("SHU") term of more than 500 days. (Compl. at 4-17.) Plaintiff further alleges Defendants conspired and retaliated against him for exercising his First Amendment rights by improperly processing one of his CDC 602 inmate appeals and by fabricating criminal charges against him. (*Id.* at 17-25.) Plaintiff seeks injunctive relief as well as compensatory and punitive damages. (*Id.* at 27.)

Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a) when he filed this action; instead he has submitted a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2]. Plaintiff has also submitted a "Motion for Nunc Pro Tunc Filing of Civil Complaint" [Doc. No. 3] requesting that the Court "relate" his Complaint, which was received by the Court on July 14, 2010, back to April 8, 2010, the date he alleges to have originally handed his pleading over to correctional staff at SATF for mailing. *See* Pl.'s Mem. of P&As in Supp. of Mot. [Doc. No. 3] at 5-6.

## I.

### MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113,

1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *Andrews*, 398 F.3d at 1119. This statement shows an available balance of $4.04 as of March 29, 2010, an average monthly balance of $26.90 and average monthly deposits of $42.96. Based on this financial information, the Court GRANTS Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses an initial partial filing fee of $8.59 pursuant to 28 U.S.C. § 1915(b)(1).

However, the Secretary for the California Department of Corrections and Rehabilitation or his designee, shall collect this initial fee *only if sufficient funds in Plaintiff's account are available at the time this Order is executed* pursuant to the directions set forth below. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

/ / /

/ / /

/ / /

## II.

### MOTION FOR NUNC PRO TUNC FILING OF COMPLAINT

Plaintiff has also filed a Motion and Declaration requesting that the Court consider his Complaint filed nunc pro tunc to April 8, 2010, the date he alleges to have given it to a correctional officer at SATF for mailing. *See* Pl.'s Decl. in Supp. of Motion [Doc. No. 3] at 4 ¶ 2; *see also Houston v. Lack*, 487 U.S. 266, 270-72, 276 (1988) (prison "mailbox rule," provides that notices of appeal submitted by pro se prisoners are considered filed on the date they are delivered to prison authorities for forwarding to the district court); *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009) ("mailbox rule" applies to filing of § 1983 complaints). Thus, while his Complaint was not received by the Clerk until July 14, 2010, Plaintiff seeks to have it deemed "filed" as much as three months earlier, worried that he "is surely past the statutory time for filing at least one cause of action." *See* Pl.'s Decl. in Supp. of Mot. at 4 ¶ 6.

Because it is not clear from the face of Plaintiff's Complaint which, if any, of his claims may be time-barred, *see Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) (court may dismiss complaint as untimely only if the allegations in the complaint, construed with the required liberality, would not permit the plaintiff to prove that the statute was tolled), and the running of the statute of limitations period is not a pleading requirement, but rather, an affirmative defense, *see* FED.R.CIV.P. 8(c)(1); *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003), the Court DENIES Plaintiff's Motion for Nunc Pro Tunc Filing without prejudice as premature.

## III.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof,

which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, in giving liberal interpretation to a pro se civil rights complaint, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

As currently pleaded, the Court finds Plaintiff's allegations sufficient to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[1] *See Lopez*, 203 F.3d at 1126-27. Accordingly, the Court finds Plaintiff is entitled to U.S. Marshal service on his behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.").

///
///
///

---

[1] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12[] motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

## IV.

### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Nunc Pro Tunc Filing [Doc. No. 3] is DENIED without prejudice as premature.

2. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is GRANTED.

3. The Secretary of the California Department of Corrections and Rehabilitation, or his designee, is ordered to collect the $8.59 initial partial filing fee assessed by this Order and forward that amount to the Clerk of Court, *if those funds are available at the time this Order is executed.* THE INITIAL PARTIAL FILING FEE SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

4. The Secretary of the California Department of Corrections and Rehabilitation, or his designee, is ordered to collect from Plaintiff's prison trust account the balance of the $350 filing fee owed in this case by collecting monthly payments from Plaintiff's prison trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL MONTHLY PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THAT NAME AND NUMBER ASSIGNED TO THIS ACTION.

5. The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

///
///
///
///
///

**IT IS FURTHER ORDERED** that:

6. The Clerk shall issue a summons as to Plaintiff's Complaint [Doc. No. 1] upon Defendants and shall and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order and a certified copy of his Complaint and the summons so that he may serve Defendants.[2] Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Upon receipt, the U.S. Marshal shall serve a copy of the Complaint and summons upon Defendants as directed by Plaintiff on the USM Form 285s. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

7. Defendants are thereafter ORDERED to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on
the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

---

[2] Plaintiff must, of course, identify the John Doe correctional officer he includes as a Defendant in his Complaint by his true name and thereafter substitute that individual person for the currently unknown officer by amending his pleading to name that person before the United States Marshal will be able to execute service upon him. *See Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (1995) (Doe defendants must be identified and served within 120 days of the commencement of the action against them); FED.R.CIV.P. 15(c) & 4(m). Generally, the use of Doe-type appellations to identify defendants is not favored, because as a practical matter, it is in most instances impossible for the United States Marshal to serve a summons and complaint upon an unknown Doe defendant. However, the Court will not dismiss Plaintiff's claims against the unknown correctional officer at this time. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)) (where identity of alleged defendants will not be known prior to filing of complaint, plaintiff should be given an opportunity through discovery and amend his complaint to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds).

8. Plaintiff shall serve upon the Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

DATED: October 6, 2010

_____
HON. JOHN A. HOUSTON
United States District Judge